**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

DANIEL NELSON,

     Plaintiff,

  v.            No. 9:20-CV-0258
                (GLS/CFH)
SGT. KRISTOPHER VANHOSEN; et al.,

     Defendants.

---

**APPEARANCES:**         **OF COUNSEL:**

DANIEL NELSON
620 Warren Street
Albany, New York 12208
Plaintiff, pro se

GOLDBERG SEGALLA, LLP    THOMAS PAUL ARMSTRONG, ESQ.
8 Southwoods Boulevard, Suite 300
Albany, New York 12211-2526
Attorney for Defendants

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

 Pro se plaintiff Daniel Nelson ("Nelson" or "plaintiff"), a former inmate who was, at all relevant times, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Dkt. No. 1 ("Compl."). Plaintiff alleges that defendants -- who at all relevant times, were employed at Schenectady County Correctional Facility ("Schenectady C.F.") -- violated his constitutional rights under the Eighth Amendment. See generally

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Compl. Presently pending before the Court is defendants' Motion to Dismiss pursuant to Rules 41(b) and 37(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 27. Nelson does not oppose the motion. For the following reasons, it is recommended that defendants' motion be granted.

## I. BACKGROUND

On March 9, 2020, Nelson commenced this action by filing a complaint, which was accompanied by an application to proceed in forma pauperis ("IFP"). See Compl.; Dkt. No. 2. On April 2, 2020, U.S. District Judge Gary L. Sharpe granted Nelson's IFP application and, upon initial review pursuant to 28 U.S.C. §§ 1915(3)(2)(B), 1915A(b), directed (1) defendants Sgt. Kristopher Van Hosen ("Van Hosen") and Matthew Shepler ("Shepler") to respond to the Eighth Amendment conditions of confinement claims; and (2) defendants Michael Cook ("Cook"), Ryan Robert ("Robert"), and Van Hosen to respond to the Eighth Amendment excessive force claims. See Dkt. No. 4.

On May 15, 2020, Nelson filed a Notice of Change of Address indicating that his new address was 620 Warren Street, Albany, New York. See Dkt. No. 10. The notice was executed and dated May 7, 2020. Id.

On August 21, 2020, the Court granted defendants' request for an extension of time to file an answer. See Dkt. No. 16. A copy of the Court's Order was mailed to Nelson's updated address. See id. On August 31, 2020, the mail was returned with the envelope marked, "return to sender," "vacant," and "unable to forward." Dkt. No. 17.

On September 2, 2020, defendants filed an answer. See Dkt. No. 18. On September 3, 2020, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order, which set discovery and motion deadlines. See Dkt. No. 19. The undersigned directed

plaintiff to produce specific documents to defendants within sixty days, and granted defendants leave to conduct a deposition of plaintiff. See id. at 1-2, 5. On January 5, 2021, defendants served plaintiff with a Rule 26 Disclosure and a Notice of Deposition. See Dkt. No. 27-1 at 10-15.

On February 9, 2021, defendants submitted a letter request for a court conference. See Dkt. No. 20. Counsel advised that he could not locate plaintiff and that the address was "apparently no longer valid." Id. On February 9, 2021, the undersigned set a telephone status conference for February 22, 2021, and advised plaintiff that "fail[ure] to appear at court ordered conferences or to abide by case deadlines set by the Court, may result in the imposition of sanctions to include dismissal of his case." Dkt. No. 21. The Court sent notice of the telephone status conference by regular mail to plaintiff's address of record, but the notice was returned with the envelope marked, "not deliverable as addressed" and "unable to forward." Id.; Dkt. No. 22. Nelson failed to appear for the February 22, 2021, conference and did not otherwise contact the Court. See Text Minute Entry dated February 22, 2021.

On February 23, 2021, the undersigned issued an order granting defendants' request to file a motion to dismiss for failure to prosecute and set a briefing schedule. See Dkt. No. 24. In the Order, the Court "reminded" Nelson "that failure to abide by Court orders and adhere to Court ordered deadlines may result in sanctions including dismissal of the case." Id. The Court sent a copy of the Order by regular mail to plaintiff's address of record, but it was returned with the envelope marked, "return to sender," "attempted - not known," and "unable to forward." Dkt. No. 26.

On March 30, 2021, defendants filed a Motion to Dismiss. Dkt. No. 27. Plaintiff was

3

afforded until April 20, 2021, to file a response to the Motion to Dismiss. Id. To date, plaintiff has not responded to defendants' Motion to Dismiss, nor has he engaged in any activity or communication with the Court since filing his Notice of Change of Address in May 2020.

## II.  DISCUSSION

Defendants argue that "[p]laintiff's Complaint [must] be dismissed pursuant to Fed. R. Civ. P. Rules 41(b) and [ ] 37(b)(2), with prejudice, for failing to prosecute this action and failing to obey a discovery order[.]" Dkt. No. 27-2 at 11.

### A. Rule 41(b)

Fed. R. Civ. P. 41(b) provides that a court may, in its discretion, order dismissal of an action based upon a plaintiff's failure to prosecute or comply with an order of the court. See FED. R. CIV. P. 41(b); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); Rodriguez v. Goord, No. 9:04-CV-0358 (FJS/GHL), 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007). The court's discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a pro se plaintiff. See Baptiste, 768 F.3d at 216-17. A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,

4

> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) and Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). In general, "no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)).

As to the duration of Nelson's failure to comply, a review of the procedural history shows that plaintiff's last communication with the Court was with the filing of his Notice of Change of Address in May 2020, two months after he filed the Complaint. See Dkt. No. 10. Plaintiff has not communicated with the Court or defense counsel in twenty months. Although there is no bright-line rule setting forth a duration of a plaintiff's failure to communicate that would warrant dismissal, courts have generally found that as few as eight months of no communication weighs in favor of dismissal. See McNamme v. Schoharie Cnty. Jail, No. 06-CV-1364 (LEK/GHL), 2008 WL 686796, at *11 (N.D.N.Y. Mar. 10, 2008) (recommending dismissal after the plaintiff failed to communicate for eight months); Nieves v. Mueller, No. 9:07-CV-0003 (LEK/GHL), 2008 WL 4663361, at *2 (N.D.N.Y. Oct. 20, 2008) (citing cases for the proposition that "[g]enerally, durations of this length in time —

nine months — are sufficient to weigh in favor of dismissal."); see also Lee v. Graziano, No. 9:12-CV-1018 (FJS/CFH), 2014 WL 1393952, at *3 (N.D.N.Y. Apr. 9, 2014) (granting dismissal where the plaintiff failed to take any action in the case for over fourteen months); Smith v. Graziano, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1330019, at *3 (N.D.N.Y. Mar. 16, 2010) (granting dismissal where the plaintiff failed to communicate with the Court or the defendants for "more than six months."). Thus, this factor weighs in favor of dismissal.

Second, as to whether Nelson was on notice, this factor also weighs in favor of dismissal. Nelson was placed on notice by the Court that his failure to provide an adequate address "**will result in the dismissal of his action**[.]" Dkt. No. 4 at 20. Nelson demonstrated that he understood this requirement and its importance when he updated his address with the Court on at least one occasion. See Dkt. No. 10. Despite Nelson's awareness of his responsibility, he has failed to provide an updated address to the Court or opposing counsel since May 2020. In the Court's February 9, 2021, Order, Nelson was notified that if he failed to appear at court ordered conferences or to abide by case deadlines set by the Court, his case may be dismissed. See Dkt. No. 21. In the Court's February 23, 2021, Order, Nelson was also "reminded that failure to abide by Court orders and adhere to Court ordered deadlines may result in sanctions including dismissal of the case." Dkt. No. 24. Thus, Nelson was on notice that failing to comply with Court orders or otherwise participate in this action could result in dismissal.

With respect to prejudice, this action has been pending for nearly two years and no discovery has been completed. Very little progress has been made due to Nelson's failure to respond to defendants' inquiries and his lack of communication. Indeed, defendants have been unable to notice plaintiff's deposition as they do not have an updated address.

6

Thus, this factor weighs in favor of dismissal. See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal); see Georgiadis v. The First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("[t]he passage of time always threatens difficulty as memories fade.").

The fourth factor addresses the balance between the court's interest in functioning efficiently, and the plaintiff's interest in having an opportunity to be heard. See Lucas, 84 F.3d at 535 (internal citations omitted). Given the age of this case, the undersigned concludes that "[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion." Perez v. Wallace, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *3 (N.D.N.Y. Apr. 11, 2016).

Finally, the Court must consider whether a lesser sanction than dismissal would be appropriate. See Lucas, 84 F.3d at 535 (internal citations omitted). The undersigned is cognizant of plaintiff's pro se status; however, sanctions less extreme than dismissal will not be effective in this case. Mindful of the principles of law set forth herein, the undersigned determines that dismissal is appropriate. Nelson's failure to communicate with defendants and the Court since May 2020 establishes his intent to abandon this action. Moreover, his complete inactivity and disregard of the Court's notices and orders demonstrates that there is no meaningful way to secure Nelson's appearance before the Court to litigate this action. See McKnight v. J. Ferrick, et al., No. 9:16-CV-0957 (TJM/DEP), 2017 WL 3172794, at *3 (N.D.N.Y. June 30, 2017) ("[P]laintiff's failure to communicate, which by now is nearly six

months, weighs in favor of dismissal . . . [a]lthough the length of plaintiff's delay to date is not exceedingly long, there is no indication of an end to his inactivity."). Nelson was warned that failure to appear at Court-ordered conferences or abide by case deadlines may result in dismissal of his action; however, he chose to disregard these warnings. Given Nelson's apparent abandonment and his ongoing refusal to comply, despite being warned of the consequences, the undersigned finds that imposition of any lesser sanction would not motivate plaintiff to litigate this action.

The undersigned has considered all of the relevant factors and finds that they weigh in favor of dismissal. Notwithstanding, in light of plaintiff's pro se status, it is recommended that the dismissal of the action be without prejudice. See Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal of the plaintiff's action be without prejudice for failure to appear for two scheduled depositions); Perkins v. Rock, No. 9:12-CV-0459 (LEK/RFT), 2014 WL 4988224, at *4 (N.D.N.Y. Oct. 7, 2014) (recommending dismissal of the plaintiff's action for failure to prosecute be without prejudice); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *3 (N.D.N.Y. June 5, 2014) (same). Thus, it is recommended that defendants' Motion to Dismiss be granted.

### B. Fed. R. Civ. P. 37(b)(2)[2]

In the alternative to dismissal under Rule 41(b), defendants argues that plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). See Dkt. No. 27-

---

[2] Although defendants do not specify which subsection of Rule 37 is applicable, based on the arguments set forth in the defendants' memorandum of law, see Dkt. No. 27-2 at 10-12, the Court assumes defendants are seeking dismissal of the action for failure to obey a discovery order pursuant to Rule 37(b)(2)(A)(v).

8

2 at 10-13. Fed. R. Civ. P. 37(b)(2)(A) provides for sanctions when a party fails to comply with a court order and states, in relevant part, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). Fed. R. Civ. P. 37(b)(2)(A)(v) allows for dismissal of the action in its entirety or in part. See FED. R. CIV. P. 37(b)(2)(A)(v).

In general, dismissal is a drastic remedy which should only be used when lesser sanctions would be inappropriate. See Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). "[H]owever, discovery orders are meant to be followed"; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party. See id. (internal quotation marks and citations omitted). In deciding an appropriate sanction, "the court may consider the full record . . . [specifically] the willfulness of the non-compliant party; the reasons for noncompliance; and whether the party has been warned of the consequences of the noncompliance." Broadcast Music, Inc. v. Metro Lounge & Café LLC, No. 5:10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted); see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995). The goals of sanctions are to "ensure that a party will not benefit from its own failure to comply . . . [, act as] specific deterrents and seek to obtain compliance with the particular order issued [, and] . . . serve [as] a general deterrent effect on the case at hand and on other litigation ..." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976)) (per curiam) (additional citation omitted).

As evidenced above, all of the relevant factors support dismissal of plaintiff's action as

he has not communicated with either the Court or defendants in nearly twenty months. Moreover, Nelson did not comply with the Mandatory Pretrial Discovery and Schedule Order, he did not participate in the Court's telephonic status conference, and he did not oppose defendants' motion, despite being warned of the consequences. See Dkt. Nos. 21, 24. Accordingly, in the alternative to dismissal under Rule 41(b), it is recommended that defendants' Motion to Dismiss pursuant to Rule 37(b(2) be granted.

### III. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 27) be **GRANTED** and plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is further

**RECOMMENDED**, that, in the alternative to dismissal pursuant to Rule 41(b), defendants' Motion to Dismiss, insofar as it seeks dismissal pursuant to Rule 37(b)(2) be **GRANTED** and plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892

F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); F ED R. C IV. P. 6(a), 6(e), 72.4.[3]

**IT IS SO ORDERED.**

Dated: February 1, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(c).